IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTY MONTOTO,

    Plaintiff,

vs.                                                 Case No.: 3:24-cv-00485

WOUNDED WARRIOR PROJECT, INC.,

    Defendant.
_____/

## SUPPLEMENT TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff, Christy Montoto, hereby files this Supplement to Plaintiff's Motion For Leave to File Amended Complaint in accordance with Middle District Local Rule 3.01(g)(3), stating as follows:

The undersigned attorney appeared in this case on January 27, 2025, and the Court thereafter extended the deadline to file a motion for leave to amend the complaint until today, February 24, 2025. (See Doc. 44). This motion for leave is timely filed and is supported by Rule 15 of the Federal Rules of Civil Procedure.

Attached to Plaintiff's initial motion in Exhibit "A" is the proposed Amended Complaint. (See Doc. 49, Ex. 1). Plaintiff complaint clarified that the Plaintiff is not asserting a failure to accommodate which was a subject of the Defendant's motion to dismiss. The Plaintiff also streamlined the complaint taking out non-essential facts and

organizing the counts to comply with the 11th Circuit precedent. The Plaintiff also clarified the theories presented.

Plaintiff has also added a count under the Florida Private Whistleblower statute Fla. Stat. § 448.102(3) (See Count VI in the Proposed Amended Complaint Exhibit "A").

The whistleblower count in the proposed Amended Complaint is based on allegations that have already been brought to Defendant's attention in paragraphs fifty-three (53) of Plaintiff's First Amended Complaint. (See Doc. 11, p. 10). The first amended Complaint which was filed before the undersigned appeared. The new count should therefore not be a surprise to Defendant, and the relations back doctrine should be applicable to the initial filing date. More importantly, the Whistleblower Count is within the statute of limitations period anyway. Indeed, the termination for which Ms. Montoto seeks a remedy occurred on January 17, 2024, and the statute of limitations for a Florida whistleblower claim is two years. Fla. Stat. § 448.103(a)(1).

If Ms. Montoto were not able to file the Whistleblower Count in this lawsuit, then her remedy would be to file a separate Whistleblower lawsuit in state court – which she could timely file, as explained above. The filing of a separate lawsuit would, at best, lend itself to a valid motion to consolidate. At worst, it would lend itself to two separate proceedings with overlapping facts. Either way, it would make more sense and be in the best interest of judicial economy for the Whistleblower Count to simply be added to the currently pending suit.

It should further be noted that the new Count would not cause any unfair

prejudice to Defendant, because the discovery deadline is not until May 16, 2025. (See Doc. 21). Ms. Montoto has not yet been deposed. Nor has Plaintiff taken the depositions of Defendant's witnesses or any of the decisionmaker(s) regarding the termination of employment.

### Supplement to Local Rule 3.01(g) Certification

Pursuant to Local Rule of Middle District 3.01(g), the undersigned contacted defense counsel regarding this motion. Defendant's counsel initially specified that he needed additional time to confer with his client, which Plaintiff set forth in detail Plaintiff's motion for leave. (See Doc. 49). On February 27, 2025, during a break at Plaintiff's deposition after 5:00PM, Defendant's counsel updated Plaintiff on its position regarding the instant motion. The defendant notified Plaintiff that it does not oppose the motion for leave to amend and proposed second amended complaint in regard to the clarifying of the theories and streamlining of the complaint (i.e., the contents of the proposed second amended complaint through Count X). However, the Defendant does oppose the motion as it relates to Plaintiff's request for leave to amend the complaint to add Count XI which would be a new count under the Florida Whistleblower Statute. The defendant stated an intention to proffer specific arguments in support of its position in responsive to Plaintiff's motion within the deadline set forth by the court. (See Doc. 44).

Plaintiff will note that the Plaintiff's deposition was taken on February 27, 2025, as noted above. In light of the language of the local rule, Plaintiff has not altered the substance of the body of the motion previously submitted but wanted to highlight this

3

fact for the Court as an update to reflect the current posture of the matter for the Court's consideration. However, while Plaintiff has been deposed Defendant and Plaintiff have mutually agreed to continue the deposition via Zoom on a specific limited topic if deemed necessary by Defendant's counsel. If the Court permits the amended complaint as proposed by the Plaintiff, Plaintiff would be agreeable to continue Plaintiff's deposition on the additional topic of her whistleblower count to the extent Defendant's counsel has further questions to ask about that issue.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an order granting Ms. Montoto's Motion for Leave to File Amended Complaint and accepting the proposed Amended Complaint as filed.

Respectfully submitted,

MAGID & WILLIAMS, P.A.
3100 University Boulevard South,
Suite  115,
Jacksonville, Florida 32216
(904) 725-6161  Telephone
(904) 725-3410  Facsimile

/s/ Samuel B. Kanupp
Samuel B. Kanupp, Esq.
Florida Bar No. 0067216
sam@magidwilliams.com
P. Daniel Williams, Esq.
Florida Bar No. 0036625
dan@magidwilliams.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 27, 2025, I electronically filed the foregoing Supplement to Plaintiff's Motion for Leave to File an Amended Complaint with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record herein.

/s/ Samuel B. Kanupp
Attorney
